| Attorney or Party Name, Address, Telephone & FAX Nos., and State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| R. Grace Rodriguez<br>21000 Devonshire Street, Suite 111<br>Chatsworth, CA 91311<br>(818) 734-7223 Fax: (818) 338-5821<br>California State Bar Number: CASBN-196657<br>ECF@LORGR.COM | |
| ☐ Individual appearing without attorney<br>☐ Attorney for: | |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>   **William Reingold**<br><br><br><br><br><br><br><br><br>                                                    Debtor(s) | CASE NO.: 1:17-bk-11739-MB<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l)**<br>(with supporting declarations)<br>(UNLAWFUL DETAINER) |
| | DATE:  **August 9, 2017**<br>TIME:   **10:00 a.m.**<br>COURTROOM:  **303** |

**Movant:  RUCHIN GUPTA**

1. **Hearing Location:**
   - ☐ 255 East Temple Street, Los Angeles, CA 90012
   - ☑ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   - ☐ 3420 Twelfth Street, Riverside, CA 92501
   - ☐ 411 West Fourth Street, Santa Ana, CA 92701
   - ☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                  Page 1                          F 4001-1.RFS.UD.MOTION

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☐ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☑ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, ~~you must file and serve a response no later than (date) and (time) ; and,~~ you may appear at the hearing **to state your opposition**.

   a. ☑ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:   **July 17, 2017**

Law Offices of R. Grace Rodriguez
Printed name of law firm (if applicable)

R. Grace Rodriguez
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 2                          F 4001-1.RFS.UD.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
## (Unlawful Detainer)

1. Movant is the:

    a. ☑ Owner of the Property
    b. ☐ Authorized Agent of the owner of the Property
    c. ☐ Other (specify):

2. The Property at Issue (Property):

    Type of Property: ☑ Residential ☐ Nonresidential

    *Street Address:*     **4637 Willis Avenue**
    *Unit/Suite Number:*     **108**
    *City, State, Zip Code:*     **Sherman Oaks, California  91403**

3. Bankruptcy Case History:

    a. ☑ A voluntary ☐ An involuntary   petition under chapter ☐ 7 ☐ 11 ☐ 12 ☑ 13 was filed on (date): **June 30, 2017**

    b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (date):

    c. ☐ A plan was confirmed on (date):

4. Pursuant to 11 U.S.C. § 362(b)(22) and (23) there is no stay because (check all that apply):

    a. ☑ Movant commenced an eviction, unlawful detainer action or similar proceeding against the Debtor involving residential property in which the Debtor resides and:   **NOTE: The Lease Agreement was signed by the Defendant in the Unlawful Detainer Action, however the DEBTOR filed a Pre-Judgment Claim of Right to the Property.**

    (1) ☐ The Debtor has not filed and served on Movant the certification required under 11 U.S.C. § 362(l)(1).

    (2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the petition.

    (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

    (4) ☐ Movant filed and served an objection to the Debtor's certification. A copy of the objection is attached as Exhibit _____. A hearing on this objection is set for (date) _____.

    **OTHER: This is the FOURTH (4th) BANKRUPTCY FILING. THERE IS NO STAY IN EFFECT, HOWEVER UNLAWFUL DETAINER COURT WILL NOT PROCEED WITH THE UNLAWFUL DETAINER TRIAL WITHOUT A COURT ORDER CONFIRMING SAME.**

5. Grounds for Relief from Stay: (check all that apply)

    a. ☑ Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of the bankruptcy petition date, the Debtor had no right to continued occupancy of the premises, as follows:

    (1) ☑ Movant caused a notice to quit to be served on the Debtor. **THE NOTICE WAS FOR NON-PAYMENT OF RENT WHICH INCLUDED AN ELECTION OF FORFEITURE OF THE LEASE IF THE DEBTOR DID NOT PAY WITHIN THE NOTICE PERIOD. THE RENT WAS NOT PAID**

    (2) ☑ An unlawful detainer proceeding was commenced on (date) **April 3, 2017**.

    (3) ☐ An unlawful detainer judgment was entered on (date) _____.

    (4) ☐ Movant acquired title to the Property by foreclosure sale before the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                               Page 3                        F 4001-1.RFS.UD.MOTION

(5) ☐ Movant acquired title to the Property by foreclosure sale after the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

b. ☑ Pursuant to 11 U.S.C. § 362(d)(1) the Debtor's right to possession should be terminated because (*check all that apply*):

    (1) ☐ The lease or other right of occupancy expired by its terms on (*date*) _____.

    (2) ☑ The lease has matured, been rejected or deemed rejected by operation of law on (*date*) __**MARCH 27, 2017**____.

    (3) ☐ Lease payments have not been made after the filing of the bankruptcy petition.

    (4) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant filed and served upon the Debtor a certification that ☐ such an action was filed or ☐ that within the 30 days preceding the certification, the Debtor has endangered the subject Property or illegally allowed the use of controlled substances on the Property. A copy of Movant's certification is attached as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if any, is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

    (5) ☑ The bankruptcy case was filed in bad faith:

        (A) ☑ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

        (B) ☑ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

        (C) ☑ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

        (D) ☐ There was a recent transfer of all or part ownership of, or other interest in the Property without the consent of the Movant or court approval.

c. ☑ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

6. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor:

    a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

    c. ☐ Other:

7. **Evidence in Support of Motion:** (***Important Note:*** *Declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)

    a. The UNLAWFUL DETAINER DECLARATION on page 7.

    b. ☐ Supplemental declaration(s).

    c. ☐ Other (*specify*):

**Movant requests the following relief.**

1. Relief from stay pursuant to: ☑ 11 U.S.C. § 362(d)(1)     ☑ 11 U.S.C. § 362(d)(2)

2. ☑ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to obtain possession of the Property.

3. ☑ Confirmation that there is no stay in effect.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014    Page 4    F 4001-1.RFS.UD.MOTION

4. ☑ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☑ The 14-day stay prescribed by FRBP 4001(a)(3) is waived. **TRIAL IS SET FOR AUGUST 11, 2017 IN THE UNLAWFUL DETAINER LAWSUIT.  A WAIVER IS REQUIRED IN ORDER TO NOT PREJUDICE THE MOVANT.**

7. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this motion:

   ☐ without further notice.

   ☐ upon recording of a copy of the order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. ☐ Relief from stay is granted under 11 U.S.C. § 362(d)(4), if the order granting this motion is recorded in compliance with state laws governing notices of interest or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than two years after the date of entry of such order, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and a hearing.

9. ☑ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

   ☑ without further notice. **INASMUCH MUCH AS A PREJUDGMENT CLAIM OF RIGHT WAS SERVED WITH THE UNLAWFUL DETAINER ACTION ADDRESSED TO ALL TENANTS, TO WHICH THE TIME TO CLAIM AN INTEREST IN THE PROPERTY BY ANYONE HAS EXPIRED.  THEREFORE NO OTHER PERSON OR ENTITY IS ENTITLED TO ANY NOTICE OTHER THAN THE DEBTOR.**

   ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☐ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

12. ☐ If relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable;

   a. ☐ Establishment of a deadline for assumption or rejection of the lease.

   b. ☐ Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

13. ☐ Other relief requested.

Date:  7/17/2017                             The Law Offices of R. Grace Rodriguez
                                             Print name of law firm (*if applicable*)

                                             R. Grace Rodriguez
                                             Print name of individual Movant or attorney for Movant (*if applicable*)


                                             Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 5                              F 4001-1.RFS.UD.MOTION

## UNLAWFUL DETAINER DECLARATION

I, (name of declarant)  __RUCHIN GUPTA_____ , declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property because (specify):

    a. ☑ I am the Movant and owner of the Property.

    b. ☐ I manage the Property as the authorized agent for the Movant.

    c. ☐ I am employed by Movant as (title and capacity):

    d. ☐ Other (specify):

2. a. ☑ I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

    b. ☐ Other (see attached):

3. The Property is:

    ☑ Residential ☐ Nonresidential

    Street Address:    **4637 Willis Avenue**
    Unit/Suite Number:    **108**
    City, State, Zip Code:    **Sherman Oaks, California  91403**

4. Movant is the ☑ legal owner of the Property, or ☐ the owner's legally authorized agent. A true and correct copy of the trustee's deed upon sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit _____. A true and correct copy of the applicable document establishing Movant's authority as agent for the owner is attached as Exhibit _____.

5. The Debtor asserts a possessory interest in the Property based upon:

    (1) ☐ a month-to-month tenancy

    (2) ☑ a lease that is in default

    (3) ☐ after a foreclosure sale that was held on (date): _____

    (4) ☐ other (specify):

6. The Debtor failed to pay:

    a. ☑ The monthly rent of $___ **$800 of 2,300.00 which became due**_____ beginning on (date): __**March 1, 2017**__.

    b. ☐ Other obligations including:

        (1) ☐ Common area maintenance charges

        (2) ☐ Property taxes

        (3) ☐ Other obligations (specify):

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                    Page 6                  F 4001-1.RFS.UD.MOTION

7. Procedural status

   a. ☑ The lease matured or was rejected on (date) __3/27/2017__ :

      (1) ☑ by operation of law.

      (2) ☐ by order of the court.

   b. ☑ Movant caused a notice to quit to be served upon the Debtor on (date) __3/24/2017__ , and a true and correct copy is attached
      as Exhibit __A__ .

   c. ☑ Before the bankruptcy petition was filed:

      (1) ☐ Movant filed a complaint for unlawful detainer against the Debtor on (date) _____ , and a true and correct copy is attached as
            Exhibit __B (Los Angeles Co. Superior Court Case No. 17B01362)__

      (2) ☑ Trial was held on (date) __July 5, 2017__.

      (3) ☑ Trial was continued to (date) __August 11, 2017__ .

      (4) ☐ An unlawful detainer judgment against the Debtor was entered on the complaint for unlawful detainer on (date) _____ , and a
            true and correct copy is attached as Exhibit _____.

      (5) ☐ A writ of possession for the Property was issued on (date) , and a true and correct copy is attached as Exhibit _____.

   d. After the bankruptcy petition was filed:

      (1) ☑ The Debtor has not filed and served on the Movant the certification required under 11 U.S.C. § 362(l)(1). __Movant further__
      __asserts that the Unlawful Detainer lawsuit is based upon non-payment of rent based on expired 3 day notice which__
      __contained the election of the forfeiture of the lease. As such, the Debtor has no remedy under applicable non-bankruptcy__
      __law by which to base this certification.__

      (2) ☐ The Debtor or adult dependent of the Debtor has not deposited with clerk any rent that would become due during the
            30-day period after the filing of the bankruptcy petition.

      (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on the Movant the further certification required under 11
            U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

      (4) ☐ The Debtor filed and served on the Movant the certification required under 11 U.S.C. § 362(d)(1).

         (A) ☐ Movant filed and served an objection a copy of which is attached as Exhibit _____. A hearing on this objection is set for
              (date) _____.

         (B) ☐ Movant has not filed and served an objection.

      (5) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or
            because of illegal use of controlled substances on the Property and Movant has filed a certification that ☐ such action was
            filed or ☐ that the Debtor has endangered the Property within 30 days preceding the certification or allowed the illegal use of
            controlled substances on the Property. A copy of Movant's certification is attached hereto as Exhibit _____. The Debtor ☐ has
            ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if filed, is attached as Exhibit _____. A
            hearing on this object is set for: _____.

      (6) ☐ Regular lease payments have not been made after the bankruptcy petition was filed.

8. ☑ The Debtor does not have an interest in the Property that could be assumed or assigned under 11 U.S.C. § 365.

9. ☑ The Property is not necessary to an effective reorganization because it is:

   a. ☑ Residential, and is not producing income for the Debtor.

   b. ☐ Commercial, but no reorganization is reasonably in prospect.

   c. ☑ No Longer property of the estate.

   d. ☐ Other (specify):

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 7                          F 4001-1.RFS.UD.MOTION

10. ☑ The bankruptcy case was filed in bad faith:

    a. ☑ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☑ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☑ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☐ Other (specify):

11. ☑ The filing of the bankruptcy petition was part of a scheme to delay, hinder or defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page of facts establishing the scheme.

    b. ☑ Multiple bankruptcy cases affecting the Property include:

    (1) Case name: __**WILLIAM SPENCER REINGOLD**__

    Chapter: __**13**__    Case number: __**2:16-bk-21857-SK**__

    Date filed: __**9/6/2016**__    Date discharged: _____    Date dismissed: __**November 10, 2016**__   {ORDER and notice of dismissal for failure to appear at 341(a) meeting - **Debtor** Dismissed. (BNC) Signed on 11/10/2016

    Relief from stay regarding the Property ☐ was ☑ was not granted.

    (2) Case name: __**WILLIAM SPENCER REINGOLD**__

    Chapter: __**7**__    Case number: __**2:17-bk-10639-BB**__

Date filed: __**1/19/2017**__    Date discharged: _____    Date dismissed: __**2/16/2017**_____Order and Notice of Dismissal for Failure to File Schedules, Statements, and/or Plan - DEBTOR Dismissed

    Relief from stay regarding the Property ☐ was ☑ was not granted.

    (3) Case name: __**WILLIAM REINGOLD**__

    Chapter: __**13**__    Case number: __**2:17-bk-16316-NB**__

Date filed: __**5/23/2017**__    Date discharged: _____    Date dismissed: __**6/12/2017**__ Order and Notice of Dismissal for Failure to File Schedules, Statements, and/or Plan - DEBTOR Dismissed

    Relief from stay regarding the Property ☐ was ☑ was not granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.
    ☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

12. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

    a. ☐ These actions were taken before the Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but the Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

    c. ☐ For other facts justifying annulment, see attached continuation page.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 8                          F 4001-1.RFS.UD.MOTION

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

7/17/2017                          RUCHIN GUPTA
Date                               Printed Name                                Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 10                                    F 4001-1.RFS.UD.MOTION

# EXHIBIT A

# 3-DAY NOTICE TO PAY RENT OR QUIT

| Ruchin Gupta | Owner(s) |
|---|---|
| **Plaintiff(s)** | |
| VS. | |
| Shatoya McConnell | Tenant(s) |
| | |
| **Defendant(s)** | |
| **and Does 1 to 10 inclusive** | |

To the above named **TENANTS/RESIDENTS AND ALL OTHERS IN POSSESSION. PLEASE TAKE NOTICE**, that you are justly indebted to the owner of the herein described premises; and notice is hereby given that pursuant to the lease and/or rental agreement under which you hold possession there is now due, unpaid and delinquent rent.

The total amount owing represents rent due for the following period(s).

| Due from | March 1 | 20 17 | thru | March 31 | 20 17 | $ 800.00 |
|---|---|---|---|---|---|---|
| Due from | | 20 | thru | | 20 | $ |
| Due from | | 20 | thru | | 20 | $ |
| Due from | | 20 | thru | | 20 | $ |

**Total Rent Now Due** $ 800.00

**WITHIN THREE (3) DAYS** after service on you of this notice, you are hereby required to pay the amount of the above stated rent in full OR quit the subject premises, move out, and deliver up possession to the owner and/or his authorized agent **No personal checks** will be accepted unless your written rental agreement provides for it.

**PLEASE TAKE FURTHER NOTICE** that unless you pay the rent in full OR vacate the premises **WITHIN THREE (3) DAYS** as required by this notice, that the undersigned does hereby elect to declare forfeiture of your lease or rental agreement and institute legal proceedings for an unlawful detainer against you to recover possession of the premises plus court costs, attorney fees, and malice is shown, the plaintiff may be awarded statutory damages of up to **SIX HUNDRED DOLLARS ($600)** in addition to actual damages, including rent found due as provided for by California law.

The premises herein referred to which you hold and/or occupied by **you are:**

| Address: | 4637 Willis Avenue | Apartment or Suite No. | 108 | |
|---|---|---|---|---|
| City: | Sherman Oaks | State: | CA | Zip: 91403 |
| County of: | Los Angeles | | | |

| Location to pay rent: | |
|---|---|
| Name: Ruchin Gupta | |
| Address: 341 Harvey Drive Apt 1 | |
| City, State, Zip: Glendale, CA 91206 | |
| Usual Days: Mon thru Sun Usual Hours: 10am - 7pm | |
| Phone Number: 323-244-3847 | |

PERSON AUTHORIZED TO GIVE NOTICE

3/24/2K17
DATE
RG

## PROOF OF SERVICE

I, the undersigned, being at least 18 years of age, declare under penalty of perjury that I served the above notice, of which this is a true copy, on the following tenant(s) in possession in the manner(s) indicated below.

☐ On _____ I handed the notice to the tenant(s) personally.

☐ On _____ after attempting personal service, I handed the notice to a person of suitable age and discretion at the residence/business of the tenant(s), AND I deposited a true copy in the U.S. Mail in a sealed envelope with postage fully prepaid, addressed to the tenant(s) at his/her/their place of residence (date mailed, if different _____.

☐ On _____ after attempting service in both manners indicated previously, I posted the notice in a conspicuous place at the residence of the tenant(s), AND I deposited a true copy in the U.S. Mail, in a sealed envelope, with postage fully prepaid, addressed to the tenant(s) at his/her/their place of residence (date mailed, if different _____.

Executed on _____   Served by _____

EXHIBIT 2

LANDLORD:       Ruchin Gupta
TENANT:         Shatoya McConnell
PREMISES:       4637 Willis Avenue, # 108, Sherman Oaks CA 91403

   1.   I declare that at the time of service I was at least 18 years of age and residing/employed in the County of Los Angeles.

   2.   I served true and correct copies of the following notices:

[X] **3-Day Notice**    [ ] **30-Day Notice**    [ ] **Notice of Abandonment**

   3.   I served the Notice as follows:

     a.   [ ] *(Individual Tenants)* By personally delivering the copies to the tenant _____ on 2017 at _____

     b.   [ ] *(Entity Tenants)* By personally delivering the copies to _____ the person authorized to accept service of process of behalf of the entity tenant on _____, 2017 at _____

     c.   [ ] By leaving the copies with _____, a person of suitable age and discretion, on _____, 2017, at the tenant's [ ] residence [ ] business, AND mailing a copy to the tenant at tenant's place of residence on _____, 2017.

     d.   [X] By posting a copy of the notice in a conspicuous place on the premises on 03/24/2017, [X] and giving a copy to a person found residing at the premises), **AND** mailing a copy to the tenants at 4637 Willis Avenue, # 108, Sherman Oaks CA 91403 on 03/24/2017.

       1.   [X] Because the tenant's residence and usual place of business could not be found.

       2.   [X] Because no person of suitable age and discretion could be found for proper service.

     e.   [ ] *(Not for 3-Day Notice, Alternate Method for 30-Day or Abandonment Notices)* By sending copies by certified or registered mail addressed to the tenant on _____, 2017.

     f.   [ ] *(Not for Residential Tenancies)* By the manner specified in the written commercial lease between the landlord and the tenant.

   4.   [ ] _____ was served as a co-tenant and on behalf of all other tenants who signed a joint written rental agreement.

   5.   Person Serving:   Ruchin Gupta, 341 Harvey Drive, Apt. 1, Glendale CA 91206

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed at Los Angeles, California.

_____
              Ruchin Gupta

Dated: 03/31/2017

EXHIBIT
3

PROOF OF SERVICE OF NOTICE

# EXHIBIT B

SUM-130

# SUMMONS
## (CITACION JUDICIAL)
### UNLAWFUL DETAINER---EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE---DESALOJO)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 03 2017

Sherri R. Carter, Executive Officer/Clerk
By: Ann Crocker, Deputy

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO): Shatoya McConnell and Does 1 to 20

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE): Ruchin Gupta

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

CASE NUMBER: (Número del caso): 17B01362

1. The name and address of the court is:
(El nombre y dirección de la corte es):
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Northwest District
6230 Sylmar Avenue, Van Nuys CA 91401

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Law Offices of Yousef Monadjemi                    Phone No.: (818) 386-9536
15915 Ventura Boulevard, Suite 202, Encino, CA 91436    Fax No.: (818) 386-9537

3. (Must be answered in all cases) An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400-6415) [X] did not [ ] did
for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)

Date:                                  Clerk, by
(Fecha): APR 03 2017    Sherri R. Carter, Executive Officer/Clerk    (Secretario) Ann Crocker    , Deputy (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

4. NOTICE TO THE PERSON SERVED: You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of (specify):
   c. [ ] as an occupant
   d. [ ] on behalf of (specify):
      under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
             [ ] CCP 415.46 (occupant)             [ ] other (specify):
5. [ ] by personal delivery on (date):

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

SUMMONS---UNLAWFUL DETAINER---EVICTION

Code of Civil Procedure, §§ 412.20, 415.456, 1167
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

UD-100

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Yousef Monadjemi    (State Bar # 231158)
Law Offices of Yousef Monadjemi
15915 Ventura Boulevard, Suite 202
Encino, CA 91436
TELEPHONE NO: (818) 386-9536    FAX NO. (Optional): (818) 386-9537
E-MAIL ADDRESS (Optional): ymonadjemi@gmail.com
ATTORNEY FOR (Name): Plaintiff Ruchin Gupta

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 03 2017

Sherri R. Carter, Executive Officer/Clerk
By: Ann Crocker, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Van Nuys 91401
BRANCH NAME: Northwest District

PLAINTIFF: Ruchin Gupta

DEFENDANT: Shatoya McConnell and

[X] DOES 1 TO __20__

CASE NUMBER: 17B01362

**COMPLAINT — UNLAWFUL DETAINER***

[X] COMPLAINT    [ ] AMENDED COMPLAINT (Amendment Number): _____

Jurisdiction (check all that apply):
[X] **ACTION IS A LIMITED CIVIL CASE**
Amount demanded    [X] does not exceed $10,000
                   [ ] exceeds $10,000 but does not exceed $25,000

[ ] **ACTION IS AN UNLIMITED CIVIL CASE** (amount demanded exceeds $25,000)
[ ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint (check all that apply):
    [ ] from unlawful detainer to general unlimited civil (possession not in issue)    [ ] from limited to unlimited
    [ ] from unlawful detainer to general limited civil (possession not in issue)      [ ] from unlimited to limited

1. PLAINTIFF (name each): Ruchin Gupta

alleges causes of action against DEFENDANT (name each): Shatoya McConnell and Does 1 to 20

2. a. Plaintiff is (1) [X] an individual over the age of 18 years.    (4) [ ] a partnership.
                   (2) [ ] a public agency.                          (5) [ ] a corporation.
                   (3) [ ] other (specify):
   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. Defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
   4637 Willis Avenue, # 108, Sherman Oaks CA 91403

4. Plaintiff's interest in the premises is [X] as owner    [ ] other (specify):

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

6. a. On or about (date):    February 2, 2017    defendant (name each): Shatoya McConnell

   (1) agreed to rent the premises as a    [ ] month-to-month tenancy [X] other tenancy (specify): One Year Tenancy
   (2) agreed to pay rent of $ 2300.00    payable [X] monthly [ ] other (specify frequency):
   (3) agreed to pay rent on the [X] first of the month    [ ] other day (specify):
   b. This [X] written    [ ] oral    agreement was made with
   (1) [X] plaintiff.                          (3) [ ] plaintiff's predecessor in interest.
   (2) [ ] plaintiff's agent.                  (4) [ ] other (specify):

* NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. July 1, 2005]

**COMPLAINT — UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

| PLAINTIFF *(Name)*: Gupta | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name)*: McConnell, Et Al. | |

6. c. [X] The defendants not named in item 6a are
      (1) [ ]   subtenants.
      (2) [X]   assignees.
      (3) [X]   other *(specify)*: Unauthorized Occupants

   d. [ ]   The agreement was later changed as follows *(specify)*:

   e. [ ]   A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

   f. [X]   *(For residential property)* A copy of the written agreement is not attached because *(specify reason)*:
      (1) [X]   the written agreement is not in the possession of the landlord or the landlord's employees or agents.
      (2) [ ]   this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. [X] a. Defendant *(name each)*: Shatoya McConnell

   was served the following notice on the same date and in the same manner:
      (1) [X]   3-day notice to pay rent or quit    (4) [ ]   3-day notice to perform covenants or quit
      (2) [ ]   30-day notice to quit    (5) [ ]   3-day notice to quit
      (3) [ ]   60-day notice to quit    (6) [ ]   Other *(specify)*:

   b. (1) On *(date)*:    03/27/2017    the period stated in the notice expired at the end of the day.
      (2) Defendants failed to comply with the requirements of the notice by that date.

   c. All facts stated in the notice are true.
   d. [X]   The notice included an election of forfeiture.
   e. [X]   A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166.)*
   f. [ ]   One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. *(Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)*

8. a. [X] The notice in item 7a was served on the defendant named in item 7a as follows:
      (1) [ ]   by personally handing a copy to defendant on *(date)*:
      (2) [ ]   by leaving a copy with *(name or description)*:     at defendant's
           a person of suitable age and discretion, on *(date)*:
           [ ] residence [ ] business   AND mailing a copy to defendant at defendant's place of residence on
           *(date)*:    because defendant cannot be found at defendant's residence or usual place of business.
      (3) [X]   by posting a copy on the premises on *(date)*:    03/24/2017    [ ] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on
           *(date)*: 03/24/2017
           (a) [ ]   because defendant's residence and usual place of business cannot be ascertained OR
           (b) [ ]   because no person of suitable age or discretion can be found there.
      (4) [ ]   *(Not for 3-day notice; see Civil Code, § 1946 before using)* by sending a copy by certified or registered mail addressed to defendant on *(date)*:
      (5) [ ]   *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written commercial lease between the parties.

   b. [ ]   *(Name)*:
           was served on behalf of all defendants who signed a joint written rental agreement.
   c. [ ]   Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
   d. [X]   Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

Page 2 of 3

**COMPLAINT—UNLAWFUL DETAINER**

*LexisNexis® Automated California Judicial Council Forms*

| PLAINTIFF *(Name)*: Gupta | CASE NUMBER: |
|---|---|
| DEFENDANT*(Name)*: McConnell, Et Al. | |

9. [ ]  Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

10. [X]  At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $ 800.00

11. [X]  The fair rental value of the premises is $ 76.66                per day.

12. [ ]  Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil
          Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*

13. [X]  A written agreement between the parties provides for attorney fees.

14. [ ]  Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance,
          and date of passage):*



          Plaintiff has met all applicable requirements of the ordinances.

15. [ ]  Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. **PLAINTIFF REQUESTS**
    a. possession of the premises.
    b. costs incurred in this proceeding:
    c. [X] past-due rent of $ 800.00
    d. [X] reasonable attorney fees.
    e. [X] forfeiture of the agreement.

    f. [X] damages at the rate stated in item 11 from
           *(date):*  April 1, 2017           for each day that
           defendants remain in possession through entry of judgment.
    g. [ ] statutory damages up to $600 for the conduct alleged in item 12.
    h. [X] other *(specify):*
           Any other relief as the court may deem
           proper.

18. [ ]  Number of pages attached *(specify):* _____

## UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

19. *(Complete in all cases.)* An unlawful detainer assistant [X] did not [ ] did  for compensation give advice or assistance
    with this form. (*If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:*)

    a. Assistant's name:
    b. Street address, city, and zip code:

    c. Telephone No.:
    d. County of registration:
    e. Registration No.:
    f. Expires on *(date):*

Date: March 30, 2017

Yousef Monadjemi, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

## VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

See Attachment
_____
(SIGNATURE OF PLAINTIFF )

1 | **VERIFICATION**

2 | STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3 |

4 | **Gupta v. McConnell, Et Al.**                                    CASE NO.

5 |

6 | [ X ]  I am a party to this action.

7 | [    ]  I am ___ a Member _____ a Partner ____ an Agent _____ the Guardian of a party to this action.
I am authorized to make this verification on behalf of that party.

8 |

9 | [    ]  I am one of the lawyers for a party to this action.  Such party is absent from the county where
the party's lawyers have their offices.  I make this verification for the reason of the party's absence.

10 |

11 | I have read the foregoing:

12 | **DISCOVERY**                              **OTHER**

13 | [    ] Responses to Form Interrogatories              [    ] Complaint
[    ] Responses to Special Interrogatories             [ X ] Unlawful Detainer Complaint

14 | [    ] Responses to Supplemental Interrogatories       [    ] Answer

15 | [    ] Responses to Request For Admissions             [    ] Petition
[    ] Responses to Demand For Inspection and Production of Documents

16 |

17 |

18 | I know its contents.

19 | [ X ]  The matters stated in the foregoing document are true of my own knowledge except as to those
matters which are stated on information and belief, and as to those matters I believe, them to be true.

20 |

21 | [    ]  I am informed and believe that the matters stated in the foregoing document are true and upon
that ground I make this verification.

22 |

23 | I declare under penalty of perjury under the laws of
the State of California that the above is true and
correct.

24 | I have executed this verification at Encino, California.

25 |

26 | Dated: 3/30/2017

27 |                                              Ruchin Gupta

28 |

VERIFICATION

# 3-DAY NOTICE TO PAY RENT OR QUIT

| | |
|---|---|
| Ruchin Gupta | Owner(s) |
| **Plaintiff(s)** | |
| VS. | |
| Shatoya McConnell | Tenant(s) |
| **Defendant(s)** | |
| **and Does 1 to 10 Inclusive** | |

TO the above named **TENANTS/RESIDENTS AND ALL OTHERS IN POSSESSION. PLEASE TAKE NOTICE**, that you are justly indebted to the owner of the herein described premises; and notice is hereby given that pursuant to the lease and/or rental agreement under which you hold possession there is now due, unpaid and delinquent rent.

The total amount owing represents rent due for the following period(s):

| Due from | March 1 | 20 17 | thru | March 31 | , 20 17 | $ 800.00 |
|---|---|---|---|---|---|---|
| Due from | | 20 | thru | | , 20 | $ |
| Due from | | 20 | thru | | , 20 | $ |
| Due from | | 20 | thru | | , 20 | $ |
| | | | | **Total Rent Now Due** | $ | 800.00 |

**WITHIN THREE (3) DAYS** after service on you of this notice, you are hereby required to pay the amount of the above stated rent in full OR quit the subject premises, move out, and deliver up possession to the owner and/or his authorized agent. **No personal checks will be accepted** unless your written rental agreement provides for it.

**PLEASE TAKE FURTHER NOTICE** that unless you pay the rent in full OR vacate the premises **WITHIN THREE (3) DAYS** as required by this notice, that the undersigned does hereby elect to declare forfeiture of your lease or rental agreement and institute legal proceedings for an unlawful detainer against you to recover possession of the premises plus court costs, attorney fees, and malice is shown, the plaintiff may be awarded statutory damages of up to SIX HUNDRED DOLLARS ($600) in addition to actual damages, including rent found due as provided for by California law.

The premises herein referred to which you hold and/or occupied by you are:

| | | | | |
|---|---|---|---|---|
| Address 4637 Willis Avenue | | Apartment or Suite No. 108 | | |
| City Sherman Oaks | | State CA | | Zip 91403 |
| County of Los Angeles | | | | |

Location to pay rent:
Name Ruchin Gupta
Address 341 Harvey Drive Apt 1
City, State, Zip Glendale, CA 91206
Usual Days Mon thru Sun Usual Hours 10am - 7pm
Phone Number 323-244-3347

*[signature]*

PERSON AUTHORIZED TO GIVE NOTICE

DATE 3/24/2K17

RG

## PROOF OF SERVICE

I, the undersigned, being at least 18 years of age, declare under penalty of perjury that I served the above notice, of which this is a true copy, on the following tenant(s) in possession in the manner(s) indicated below:

☐ On _____ I handed the notice to the tenant(s) personally.

☐ On _____ after attempting personal service, I handed the notice to a person of suitable age and discretion at the residence/business of the tenant(s); AND I deposited a true copy in the U.S. Mail, in a sealed envelope with postage fully prepaid, addressed to the tenant(s) at his/her/their place of residence (date mailed, if different _____).

☐ On _____, after attempting service in both manners indicated previously, I posted the notice in a conspicuous place at the residence of the tenant(s), AND I deposited a true copy in the U.S. Mail, in a sealed envelope with postage fully prepaid, addressed to the tenant(s) at his/her/their place of residence (date mailed, if different _____).

Executed on _____

Served by _____

**EXHIBIT**

2

LANDLORD:    Ruchin Gupta
TENANT:       Shatoya McConnell
PREMISES:    4637 Willis Avenue, # 108, Sherman Oaks CA 91403

1.    I declare that at the time of service I was at least 18 years of age and residing/employed in the County of Los Angeles.

2.    I served true and correct copies of the following notices:

[X] **3-Day Notice**    [ ] **30-Day Notice**    [ ] **Notice of Abandonment**

3.    I served the Notice as follows:

a.    [ ] *(Individual Tenants)* By personally delivering the copies to the tenant _____ on ____ 2017 at _____.

b.    [ ] *(Entity Tenants)* By personally delivering the copies to _____ the person authorized to accept service of process of behalf of the entity tenant _____ on _____, 2017 at _____.

c.    [ ] By leaving the copies with _____, a person of suitable age and discretion, on _____, 2017, at the tenant's [ ] residence [ ] business, **AND** mailing a copy to the tenant at tenant's place of residence on _____, 2017.

d.    [X] By posting a copy of the notice in a conspicuous place on the premises on 03/24/2017, [X] and giving a copy to a person found residing at the premises), **AND** mailing a copy to the tenants at 4637 Willis Avenue, # 108. Sherman Oaks CA 91403 on 03/24/2017.

    1.    [X] Because the tenant's residence and usual place of business could not be found.

    2.    [X] Because no person of suitable age and discretion could be found for proper service.

e.    [ ] *(Not for 3-Day Notice, Alternate Method for 30-Day or Abandonment Notices)* By sending copies by certified or registered mail addressed to the tenant on _____, 2017.

f.    [ ] *(Not for Residential Tenancies)* By the manner specified in the written commercial lease between the landlord and the tenant.

4.    [ ] _____ was served as a co-tenant and on behalf of all other tenants who signed a joint written rental agreement.

5.    Person Serving:    Ruchin Gupta, 341 Harvey Drive, Apt. 1, Glendale CA 91206

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed at Los Angeles, California.

_____
Ruchin Gupta

Dated: 03/31/2017

**EXHIBIT**

**PROOF OF SERVICE OF NOTICE**

DocuSign Envelope ID: FF0F66B5-A6AC-43EA-A...

### Residential Lease Agreement

**THIS LEASE (the "Lease") dated this 2nd of February 2017**

BETWEEN:

Ruchin Gupta

(collectively and individually the "Landlord")

OF THE FIRST PART

- AND-

Shatoya McConnell

(collectively and individually the "Tenant")

OF THE SECOND PART

**IN CONSIDERATION OF** the Landlord leasing certain premises to the Tenant, the Tenant leasing those premises from the Landlord and the mutual benefits and obligations provided in this Lease, the receipt and sufficiency of which consideration is hereby acknowledged, the parties to this Lease agree as follows:

### Leased Property

1. The Landlord agrees to rent to the Tenant the apartment, municipally described as, **4637 Willis Avenue #108, Sherman Oaks, California 91403** (the "Property"), for use as residential premises only. Neither the Property nor any part of the Property will be used at any time during the term of this Lease by Tenant for the purpose of carrying on any business, profession, or trade of any kind, or for the purpose other than as a private single-family residence.

2. No guests of the Tenants may occupy the Property for longer than one week without the prior written consent of the Landlord.

3. No pets or animals are allowed to be kept in or about the Property without the prior written permission of the Landlord. Upon thirty (30) days notice, the Landlord may revoke any consent previously given pursuant to this clause.



DocuSign Envelope ID: FF0F66B5-A6AC-43EA-A73BA86D0563

4. Subject to the provisions of this Lease, the Tenant is entitled to the exclusive use of the following parking (the "Parking") on or about the Property: **Space #108**. Only properly insured motor vehicles may be parked in the Tenant's space.

5. The Tenant agrees and acknowledges that the Property has been designated as a smoke-free living environment. The Tenant and members of Tenant's household will not smoke anywhere in the Property nor permit any guests or visitors to smoke in the Property.

6. The Property is provided to the Tenant without any furnishings. The property however does include a refrigerator, microwave, oven, electric cooktop, dishwasher which is NOT to be removed by the Tenant at any point during the time of the lease or thereafter.

### Term

7. The term of the Lease commences at 12:00 noon on **03-Feb-2017** and it's a one year rental agreement.

8. The Tenant is entitled to possession the Property at 12:00 noon on **03-Feb-2017**

9. Any notice to terminate this tenancy must comply with the Act. 30 days prior notice should be given.

### Rent

10. Subject to the provisions of this Lease, the rent for the Property is **$2300.00** per month (the "Rent"). The lease only starts after the Landlord receives the first month's rent plus Security Deposit.

11. The Tenant will pay the Rent on or before the First of each and every month of the term of this Lease to the Landlord at **341 Harvey Dr. Apt 1, Glendale CA 91206** or at such other place as the Landlord may later designate.

12. The Landlord may increase the Rent for the Property upon providing to the Tenant such notice as required by the Act.

13. The Tenant will be charged an additional amount of $100.00 per infraction, for any late Rent.

### Security Deposit

14. On execution of this Lease, the Tenant will pay the Landlord a security deposit of **$2,300.00** (the "Security Deposit").

15. The Landlord may choose to hold the Security Deposit at an interest-bearing account solely devoted to security deposits at a bank of Landlord's choice.

16. The Landlord will return the Security Deposit at the end of this tenancy, less such deductions as provided in this Lease but no deduction will be made for damage due to reasonable wear and tear nor for any deduction prohibited by the Act.



DocuSign Envelope ID: FF0F66B5-A6AC-43EA-A

17. During the term of this Lease or after its termination, the Landlord may charge the Tenant or make deductions from the Security Deposit for any or all of the following:

    a. repair of walls due to plugs, large nails or any unreasonable number of holes in the walls including the repainting of such damaged walls;

    b. repainting required to repair the results of any other improper use or excessive damage by the Tenant;

    c. unplugging toilets, sinks and drains;

    d. replacing damaged or missing doors, windows, screens, mirrors or light fixtures;

    e. repairing cuts, burns, or water damage to linoleum, rugs, and other areas;

    f. any other repairs or cleaning due to any damage beyond normal wear and tear caused or permitted by the Tenant or by any person whom the Tenant is responsible for;

    g. the cost of extermination where the Tenant or the Tenant's guests have brought or allowed insects into the Property or building;

    h. repairs and replacement required where windows are left open which have caused plumbing to freeze, or rain or water damage to floors or walls;

    i. replacement of locks and/or lost keys to the Property and any administrative fees associated with the replacement as a result of the Tenant's misplacement of the keys; and

    j. any other purpose allowed under this Lease or the Act.

For the purpose of this clause, the Landlord may charge the Tenant for professional cleaning and repairs if the Tenant has not made alternate arrangements with the Landlord.

18. The Tenant may not use the Security Deposit as payment for the Rent.

19. Within the time period required by the Act and after the termination of this tenancy, the Landlord will deliver or mail the Security Deposit less any proper deductions or with further demand for payment to a place as the Tenant may advise.



DocuSign Envelope ID: FF0F66B5-A6AC-43EA-A    73E...DD5D

**Quiet Enjoyment**

21. The Landlord covenants that on paying the Rent and performing the covenants contained in this Lease, the Tenant will peacefully and quietly have, hold, and enjoy the Property for the agreed term.

**Inspections**

22. The Tenant acknowledges that the Tenant inspected the Property, including the grounds and all buildings and improvements, and that they are, at the time of the execution of this Lease, in good order, good repair, safe, clean, and tenantable condition.

23. At all reasonable times during the term of this Lease and any renewal of this Lease, the Landlord and its agents may enter the Property to make inspections or repairs, or to show the Property to prospective tenants or purchasers in compliance with the Act.

**Tenant Improvements**

24. The Tenant may NOT make improvements to the Property.

**Utilities and Other Charges**

25. The Landlord is responsible for the payment of the following utilities and other charges in relation to the Property: water, HOA

26. The Tenant is responsible for the payment of the following utilities and other charges in relation to the Property: electricity, internet, cable.

**Insurance**

28. The Tenant is hereby advised and understands that the personal property of the Tenant is not insured by the Landlord for either damage or loss, and the Landlord assumes no liability for any such loss. The Tenant is advised that, if insurance coverage is desired by the Tenant, the Tenant should inquire of Tenant's insurance agent regarding a renter's policy of insurance.

29. The Tenant is not responsible for insuring the Landlord's contents and furnishings in or about the Property for either damage or loss, and the Tenant assumes no liability for any such loss.

30. The Tenant is responsible for insuring the Property for damage or loss to the structure, mechanical or improvements to the building of the Property for the benefit of the Tenant and the Landlord. Such insurance should include such risks as fire, theft, vandalism, flood and disaster.

31. The Tenant is responsible for insuring the Property for liability insurance for the benefit of the Tenant and the Landlord.



32. The Tenant will provide proof of such insurance to the Landlord upon request.

### Abandonment

33. If at any time during the term of this Lease, the Tenant abandons the Property or any part of the Property, the Landlord may, at its option, enter the Property by any means without being liable for any prosecution for such entering, and without becoming liable to the Tenant for damages or for any payment of any kind whatever, and may, at the Landlord's discretion, as agent for the Tenant, rent the Property, or any part of the Property, for the whole or any part of the then unexpired term, and may receive and collect all rent payable by virtue of such renting, and, at the Landlord's option, hold the Tenant liable for any difference between the Rent that would have been payable under this Lease during the balance of the unexpired term, if this Lease had continued in force, and the net rent for such period realized by the Landlord by means of the renting. If the Landlord's right of re-entry is exercised following abandonment of the Property by the Tenant, then the Landlord may consider any personal property belonging to the Tenant and left on the Property to also have been abandoned, in which case the Landlord may dispose of all such personal property in any manner the Landlord will deem proper and is relieved of all liability for doing so.

### Attorney Fees

34. In the event that any action is filed in relation to this Lease, the unsuccessful party in the action will pay to the successful party, in addition to all the sums that either party may be called on to pay a reasonable sum for the successful party's attorney fees.

### Governing Law

35. It is the intention of the parties to this Lease that the tenancy created by this Lease and the performance under this Lease, and all suits and special proceedings under this Lease, be construed in accordance with and governed, to the exclusion of the law of any other forum, by the laws of the State of California, without regard to the jurisdiction in which any action or special proceeding may be instituted.

### Severability

36. If there is a conflict between any provision of this Lease and the applicable legislation of State of California (the "Act"), the Act will prevail and such provisions of the Lease will be amended or deleted as necessary in order to comply with the Act. Further, any provisions that are required by the Act are incorporated into this Lease.

37. In the event that any of the provisions of this Lease will be held to be invalid or unenforceable in whole or in part, those provisions to the extent enforceable and all other provisions will nevertheless continue to be valid and enforceable as though the invalid or unenforceable parts had not been included in this Lease and the remaining provisions had been executed by both parties subsequent to the expungement of the invalid provision.



DocuSign Envelope ID: FF0F66B5-A6AC-43EA-...   73B...F...D...

## Amendment of Lease

38. Any amendment or modification of this Lease or additional obligation assumed by either party in connection with this Lease will only be binding if evidenced in writing signed by each party or an authorized representative of each party.

## Assignment and Subletting

39. The Tenant will not assign this Lease, or sublet or grant any concession or license to use the Property or any part of the Property. Any assignment, subletting, concession, or license, whether by operation of law or otherwise, will be void and will, at Landlord's option, terminate this Lease.

## Damage to Property

40. If the Property, or any part of the Property, will be partially damaged by fire or other casualty not due to the Tenant's negligence or willful act or that of the Tenant's employee, family, agent, or visitor, the Property will be promptly repaired by the Landlord and there will be an abatement of Rent corresponding with the time during which, and the extent to which, the Property may have been untenantable. However, if the Property should be damaged other than by the Tenant's negligence or willful act or that of the Tenant's employee, family, agent, or visitor and the Landlord decides not to rebuild or repair the Property, the Landlord may end this Lease by giving appropriate notice.

## Care and Use of Property

41. The Tenant will promptly notify the Landlord of any damage, or of any situation that may significantly interfere with the normal use of the Property or to any furnishings supplied by the Landlord.

42. The Tenant will not make (or allow to be made) any noise or nuisance which, in the reasonable opinion of the Landlord, disturbs the comfort or convenience of other tenants.

43. The Tenant will keep the Property reasonably clean.

44. The Tenant will dispose of its trash in a timely, tidy, proper and sanitary manner.

45. The Tenant will not engage in any illegal trade or activity on or about the Property.

46. The Landlord and Tenant will comply with standards of health, sanitation, fire, housing and safety as required by law.

47. The Landlord will use reasonable efforts to maintain the Property in such a condition as to prevent the accumulation of moisture and the growth of mold, and to promptly respond to any written notices from the Tenant in relations to accumulation of moisture and visible evidence of mold.

DocuSign Envelope ID: FF0F66B5-A6AC-43EA-A...  73B7A9F9DF05

48. The Tenant will use reasonable efforts to maintain the Property in such a condition as to prevent the accumulation of moisture and the growth of mold, and to promptly notify the Landlord in writing of any moisture accumulation that occurs or of any visible evidence of mold discovered by the Tenant.

49. The Tenant agrees that no signs will be placed or painting done on or about the Property by the Tenant or at the Tenant's direction without the prior, express, and written consent of the Landlord. Notwithstanding the above provision, the Tenant may place election signs on the Property during the appropriate time periods.

50. If the Tenant is absent from the Property and the Property is unoccupied for a period of four consecutive days or longer, the Tenant will arrange for regular inspection by a competent person. The Landlord will be notified in advance as to the name, address and phone number of the person doing the inspections.

51. The hallways, passages and stairs of the building in which the Property is situated will be used for no purpose other than going to and from the Property and the Tenant will not in any way encumber those areas with boxes, furniture or other material or place or leave rubbish in those areas and other areas used in common with any other tenant.

52. Footwear which is soiled or wet should be removed at the entrance to the building in which the Property is located and taken into the Tenant's Property.

53. At the expiration of the term of this Lease, the Tenant will quit and surrender the Property in as good a state and condition as they were at the commencement of this Lease, reasonable use and wear and tear excepted.

**Carbon Monoxide Alarm**

54. Prior to the Tenant taking possession of the Property, the Landlord will ensure that any carbon monoxide alarm in place is operational. Upon possession, the Landlord will provide the Tenant with working batteries, for all carbon monoxide alarms. The Landlord will be responsible for the repair and replacement of any missing or nonfunctional carbon monoxide alarm upon written request of the Tenant.

55. The Tenant will keep, test, and maintain in good repair all the carbon monoxide alarms in the Property. The Tenant must provide the Landlord or the Landlord's agent with a written notice if any carbon monoxide alarm needs its batteries replaced or if the alarm is stolen, removed, missing, or not operational. Further, the Tenant must notify the Landlord, or its agent, in writing of any deficiency in any carbon monoxide alarm that the Tenant is unable to fix.

56. No person may remove any batteries from, or in any way render inoperable, a carbon monoxide alarm except as part of the process to inspect, maintain, repair or replace the alarm or batteries in the alarm.



DocuSign Envelope ID: FF0F66B5-A6AC-43EA-A...73CEA96DF56C

## Hazardous Materials

57. The Tenant will not keep or have on the Property any article or thing of a dangerous, flammable, or explosive character that might unreasonably increase the danger of fire on the Property or that might be considered hazardous by any responsible insurance company.

## Rules and Regulations

58. The Tenant will obey all rules and regulations posted by the Landlord regarding the use and care of the building, parking lot, laundry room and other common facilities that are provided for the use of the Tenant in and around the building containing the Property.

## Megan's Law

59. the California department of Justice, sheriff's departments, police departments serving jurisdictions of 200,000 or more, and many other local law enforcement authorities maintain for public access a database of the locations of persons required to register pursuant to paragraph (1) of subdivision (a) of section 290.4 of the penal Code. The database is updated on a quarterly basis and is a source of information about the presence of these individuals in any neighborhood. The department of Justice also maintains a sex offender identification line through which inquiries about individuals may be made. This is a "900" telephone service. Callers must have specific information about individuals they are checking. Information regarding neighborhoods is not available through the "900" telephone service.

## Mediation and Arbitration

60. If any dispute relating to this Lease between the Landlord and the Tenant is not resolved through informal discussion within 14 days from the date a dispute arises, the parties agree to submit the issue first before a non-binding mediator and to an arbitrator in the event that mediation fails. The decision of the arbitrator will be binding on the parties. Any mediator or arbitrator must be a neutral party acceptable to both the Landlord and the Tenant. The cost of any mediations or arbitrations will be paid by the Tenant.

## Address for Notice

61. For any matter relating to this tenancy, the Tenant may be contacted at the Property or through the phone number below. After this tenancy has been terminated, the tenant will advise the new address for any contact & correspondence:

    a.  Name: Shatoya McConnell

    b.  Phone: 310-467-2307

    c.  Email: prestige0613@gmail.com



DocuSign Envelope ID: FF0F66B5-A6AC-43EA-A

62. For any matter relating to this tenancy, whether during or after this tenancy has been terminated, the Landlord's address for notice is:

    a. Name: Ruchin Gupta

    b. Address: 341 Harvey Dr. Apt 1, Glendale CA 91206

The contact information for the Landlord is:

    c. Phone: 323-244-3317

    d. Email address: ruchingupta23@gmail.com

### General Provisions

63. All monetary amounts stated or referred to in this Lease are based in the United States dollar.

64. Any waiver by the Landlord of any failure by the Tenant to perform or observe the provisions of this Lease will not operate as a waiver of the Landlord's rights under this Lease in respect of any subsequent defaults, breaches or non-performance and will not defeat or affect in any way the Landlord's rights in respect of any subsequent default or breach.

65. This Lease will extend to and be binding upon and inure to the benefit of the respective heirs, executors, administrators, successors and assigns, as the case may be, of each party to this Lease. All covenants are to be construed as conditions of this Lease.

66. All sums payable by the Tenant to the Landlord pursuant to any provision of this Lease will be deemed to be additional rent and will be recovered by the Landlord as rental arrears.

67. Where there is more than one Tenant executing this Lease, all Tenants are jointly and severally liable for each other's acts, omissions and liabilities pursuant to this Lease.

68. Locks may not be added or changed without the prior written agreement of both the Landlord and the Tenant, or unless the changes are made in compliance with the Act.

69. The Tenant will be charged an additional amount of $25.00 for each N.S.F. check or checks returned by the Tenant's financial institution.

70. If the Tenant moves out prior to the natural expiration of this Lease, a rerent levy of $1000.00 will be charged to the Tenant.

DocuSign Envelope ID: FF0F66B5-A6AC-43EA-A...

71. Headings are inserted for the convenience of the parties only and are not to be considered when interpreting this Lease. Words in the singular mean and include the plural and vice versa. Words in the masculine mean and include the feminine and vice versa.

72. This Lease and the Tenant's leasehold interest under this Lease are and will be subject, subordinate, and inferior to any liens or encumbrances now or hereafter placed on the Property by the Landlord, all advances made under any such liens or encumbrances, the interest payable on any such liens or encumbrances, and any and all renewals or extensions such liens or encumbrances.

73. This Lease may be executed in counterparts. Facsimile signatures are binding and are considered to be original signatures.

74. This Lease will constitute the entire agreement between the Landlord and the Tenant. Any prior understanding or representation of any kind preceding the date of this Lease will not be binding on either party except to the extent incorporated in this Lease.

75. The Tenant will indemnify and save the Landlord, and the owner of the Property where different from the Landlord, harmless from all liabilities, fines, suits, claims, demands and actions of any kind or nature for which the Landlord will or may become liable or suffer by reason of any breach, violation or non-performance by the Tenant or by any person for whom the Tenant is responsible, of any covenant, term, or provisions hereof or by reason of any act, neglect or default on the part of the Tenant or other person for whom the Tenant is responsible. Such indemnification in respect of any such breach, violation or non-performance, damage to property, injury or death occurring during the term of the Lease will survive the termination of the Lease, notwithstanding anything in this Lease to the contrary.

76. The Tenant agrees that the Landlord will not be liable or responsible in any way for any personal injury or death that may be suffered or sustained by the Tenant or by any person for whom the Tenant is responsible who may be on the Property of the Landlord or for any loss of or damage or injury to any property, including cars and contents thereof belonging to the Tenant or to any other person for whom the Tenant is responsible.

77. The Tenant is responsible for any person or persons who are upon or occupying the Property or any other part of the Landlord's premises at the request of the Tenant, either express or implied, whether for the purposes of visiting the Tenant, making deliveries, repairs or attending upon the Property for any other reason. Without limiting the generality of the foregoing, the Tenant is responsible for all members of the Tenant's family, guests, servants, tradesmen, repairmen, employees, agents, invitees or other similar persons.

78. During the last 30 days of this Lease, the Landlord or the Landlord's agents will have the privilege of displaying the usual 'For Sale' or 'For Rent' or 'Vacancy' signs on the Property.

DocuSign Envelope ID: FF0F66B5-A6AC-43EA-A

79. Time is of the essence in this Lease. Every calendar day except Saturday, Sunday or U.S. national holidays will be deemed a business day and all relevant time periods in this Lease will be calculated in business days. Performance will be due the next business day, if any deadline falls on a Saturday, Sunday or a national holiday. A business day ends at five p.m. local time in the time zone in which the Property is situated.

**IN WITNESS WHEREOF** Shatoya McConnell and Ruchin Gupta have duly affixed their signatures on this 2/2/2017

Tenant: Shatoya McConnell                    Landlord: Ruchin Gupta

The Tenant acknowledges receiving a duplicate copy of this Lease signed by the Tenant and the Landlord on the 2/2/2017

Tenant: Shatoya McConnell

### Lead-Based Paint Disclosure

Property: 4637 Willis Avenue #108, Sherman Oaks, CA 91403
Landlord: Ruchin Gupta
Tenant: Shatoya McConnell

**Landlord's Disclosure**

The Landlord CERTIFIES THAT:

1. The Landlord has knowledge of the following lead-based paint and/or lead-based paint
hazards in or about the Property:
Paint on the walls.

2. The Landlord has NO records or reports relating to lead-based paint and/or lead-based
paint hazards in or about the Property.

Landlord: Ruchin Gupta

Date: **2/2/2017**

**Tenant's Disclosure**

The Tenant ACKNOWLEDGES receipt of:

i. the information contained in the above Landlord's Disclosure including the above-
mentioned reports and records; and

ii. the pamphlet *Protect Your Family from Lead in Your Home* (EPA-747-K-99-001) or an
equivalent pamphlet that has been approved for use in its state by the Environmental
Protection Agency.

Tenant: Shatoya McConnell

Date: **2/2/2017**

The pamphlet *Protect Your Family from Lead in Your Home* can be ordered in hard copy or can
be printed from the website http://www2.epa.gov/lead/protect-your-family-lead-your-home.

DocuSign Envelope ID: FF0F66B5-A6AC-43EA-A7B32A96FDFEC

## Asbestos Disclosure

Property: 4637 Willis Avenue #108, Sherman Oaks, CA 91403
Landlord: Ruchin Gupta
Tenant: Shatoya McConnell

**Landlord's Disclosure**

The Landlord CERTIFIES THAT:

1. The Landlord has investigated and there is no asbestos in or about the Property.

2. The Landlord has NO records or reports with respect to asbestos in or about the Property.

Landlord: Ruchin Gupta

Date: **2/2/2017**


**Tenant's Disclosure**

The Tenant ACKNOWLEDGES receipt of the information contained in the above Landlord's Disclosure including any reports and records.

Tenant: Shatoya McConnell

Date: **2/2/2017**

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**21000 Devonshire Street, Suite 111, Chatsworth, CA 91311**

A true and correct copy of the foregoing document entitled (specify): __**Motion for Relief from Stay (Unlawful Detainer)**__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On __**July 17, 2017**__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**William Reingold** *(Debtor)* represented by **Ronald A Norman** ronaldanorman@sbcglobal.net
*(Trustee)* **Elizabeth (SV) F Rojas (TR)** cacb_ecf_sv@ch13wla.com
**United States Trustee (SV)** ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On __July 17, 2017__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge **will be completed** no later than 24 hours after the document is filed.

WILLIAM REINGOLD and ALL OTHERS IN POSSESSION
4637 Willis Avenue, Unit No. 108
Sherman Oaks, California  91403

Bayview Loan Servicing, LLC |4425 Ponce de Leon Boulevard, 5th Floor|Coral Gables, FL 33146-1837| |||
U.S. Bank |P.O. Box 21977|Eagan, MN 55121-0977| |||

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 17, 2017 | R. Grace Rodriguez, CASBN-196657 | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                        Page 10                                   **F 4001-1.RFS.UD.MOTION**